

# Fourth Court of Appeals
## San Antonio, Texas

March 27, 2018

No. 04-17-00622-CV

Jasmond **KEMP** dba World Wide Automotive and Paint,
Appellants

v.

**SANTANDER CONSUMER USA INC.,**
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-08203
Honorable Charles E. Montemayor, Judge Presiding

## O R D E R

On March 8, 2018, after the brief deadline passed and no brief or motion for extension of time to file a brief was filed, we ordered Appellant Jasmine Kemp to file his appellant's brief not later than March 19, 2018. *See* TEX. R. APP. P. 38.6(a).

On the ordered due date, Appellant, representing himself, filed a ten-page "Court Brief." The first page consists of the style, a one-sentence request for oral argument, and two paragraphs of text. The two paragraphs assert facts that purport to show that Appellee defaulted on a previous settlement agreement. The remaining nine pages are copies of the first page of nine separate orders for writ of sequestration—each writ addressing a separate vehicle.

Appellant's brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief does not include the following:

- Identity of Parties and Counsel,
- Table of Contents,
- Index of Authorities,
- Statement of the Case,
- Issues Presented,
- Statement of Facts,
- Summary of the Argument,
- Argument,

- Prayer, or
- Appendix (that complies with the Rules).

*See id.* The brief has these additional defects.

- No part of the brief contains any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record.").

- The two paragraphs of the brief that could be construed as a statement of facts recite alleged facts and complaints, but the brief does not state how the trial court erred and on what legal basis this court should reverse the trial court's judgment. *Contra id.* ("The brief must contain a clear and concise argument for the contentions made . . . .").

- The brief does not recite the standard of review; it does not contain an index of authorities, and it contains no citations to rules or statutes, or any references to case law. *Contra id.* (requiring "appropriate citations to authorities").

- With respect to the attached first pages of the nine writ of sequestration orders, "[t]he attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered." *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *accord Mauldin v. Clements*, 428 S.W.3d 247, 262 n.3 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (noting that "documents attached to briefs are not part of the record of the case and cannot be considered").

This court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38. *See id.* R. 38.9(a). We conclude that the defects described above constitute flagrant violations of Rule 38.

Therefore, we STRIKE Appellant's brief and ORDER Appellant Jasmine Kemp to file an amended brief within TEN DAYS of the date of this order. **The amended brief must correct all of the violations listed above and fully comply with the applicable rules.** *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

If Appellant timely files a brief that complies with this order, Appellee's brief will be due thirty days after Appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of March, 2018.

KEITH E. HOTTLE,
Clerk of Court